WEST BROTHERS, INC., Complainant,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

Gordons Transports, Inc., and Hayes Freight Lines, Inc., Intervenors.

Civ. A. No. 1645.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Feb. 23, 1962.

**840**

Dudley W. Conner, Hattiesburg, Miss., for complainant.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Attorney Department of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for United States of America.

Robert W. Ginnane, General Counsel, Arthur J. Cerra, Asst. General Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

James W. Wrape, Glenn M. Elliott, Memphis, Tenn., David G. MacDonald, Washington, D. C., for intervenors.

Before RIVES, Circuit Judge, and MIZE and COX, District Judges.

PER CURIAM.

This action is brought under 49 U.S. C.A. § 17(9) and § 305(g) and 5 U.S.C.A. § 1001 et seq., to set aside and annul an order of the Interstate Commerce Commission entered on June 19, 1961, in Docket No. MC–F–7554, Gordons Transports, Inc., Purchase (Portion) Hayes Freight Lines, Inc. That order granted finally the joint application under 49 U.S.C.A. § 5 of Gordons Transports, Inc., and Hayes Freight Lines, Inc., for authority for the purchase by Gordons of a portion of the operating rights and property of Hayes covered by certificate No. MC–42329 (Sub–No. 139).

▮ From an examination of the record before the Commission in the light of the briefs and arguments of counsel, we find that the challenged order is based upon adequate findings and supported by substantial evidence on the record as a whole, and is entirely rational and lawful. That is the limit of judicial review. Interstate Commerce Commission v. Union Pacific R. Co., 1911, 222 U.S. 541,

547–548, 32 S.Ct. 108, 56 L.Ed. 308. We have no authority to substitute our opinion for that of the Commission. This is such a routine review that no good purpose would be served by any extended discussion.

The Commission's order is sustained and the complaint is dismissed.